THE BOWERY NATIONAL BANK, Appellant, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Respondent.

*Contract — certificate of third person as to fulfillment of — when dispensed with — conditions of contract — what will excuse compliance with.*

The plaintiff's assignor entered into a contract with the defendant for paving a street in the city of New York, by the terms of which he was not entitled to payment until the completion of the work had been duly certified by the water purveyor of the city of New York. After the completion of the work an action was commenced, and an injunction procured restraining the defendant, its officers and servants, from taking any proceedings to lay or confirm the assessment for paving, in consequence of which the water purveyor refused to give the certificate required by the contract. In an action brought upon the contract, *held*, that, as the certificate required by the contract had not been obtained, the plaintiff was not entitled to recover. The refusal of the water purveyor to give the certificate was not illegal or unreasonable within the meaning of the rule which excuses the performance of such a condition precedent.

By the terms of the contract the plaintiff was not entitled to be paid until the assessment had been confirmed; and, at the time of the commencement of this action, the suit in which the injunction restraining the defendant from confirming the assessment was granted, was still pending. *Held*, that, as the event had not occurred upon which the money was to become due, and as the delay was not shown to have been caused by the collusion, negligence or fraud of the defendant, the plaintiff was not entitled to recover.

Appeal from a judgment entered at the circuit, dismissing the plaintiff's complaint.

This action, which was brought to recover the amount claimed to be due on a contract for paving a street in the city of New York, has already been before the General Term, where the following opinion was delivered at the January Term, 1874:

Davis, P. J.:

The plaintiff sues as assignee of a contract for paving One Hundred and Twenty-eighth street from Second to Sixth avenues. The contract was made between Charles H. Green, president of the Hamar Preserved Wood Pavement Company, and the defendant. Among other provisions, the contract provided that the contractor

"shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials, until the same shall be fully completed in the manner set forth in this agreement, and each and every one of the stipulations hereinbefore mentioned are complied with, and such completion duly certified by the inspectors employed on the work, and by the water purveyor or other officer designated by the said commissioner of public works; whereupon the parties of the first part will pay, and hereby bind themselves and their successors to pay, to the said party of the second part, in cash, on the confirmation of the assessment to be laid for said work, the whole of the moneys accruing to him under this agreement," etc.

It was also provided in said agreement, "that nothing herein contained be construed to affect the right hereby reserved of the said commissioner of public works to reject the whole or any portion of the aforesaid work, should the said certificate be found or known to be inconsistent with the terms of this agreement, or otherwise improperly given."

On the trial, it appeared that William M. Tweed was commissioner of public works, and, on behalf of the defendants, executed the said contract; that a certificate of the completion of the work had been given by the inspector, but that no such certificate had been given by the water purveyor, nor by any other officer designated by the commissioner of public works, and that no assessment laid for such work had been confirmed. It appeared, however, that Mr. Tweed, the commissioner of public works, had certified that the work "has been returned as properly completed, and has been accepted by this department."

It was also shown that the completion and confirmation of the assessment had been restrained by a temporary injunction, issued by the Court of Common Pleas, in a suit brought by one Tooker, as plaintiff, against the defendant, and various officers of the city.

Upon these facts the defendants moved to dismiss the complaint, on the grounds, first, that no money is yet payable under the contract, and, second, that there is no certificate of the water purveyor as to the acceptance of the work. The court denied the motion, and the defendants duly excepted.

The court thereupon directed a verdict for the plaintiff for $22,958.63, and defendants duly excepted.

The conditions relied upon by the defendants, in their motion, are very plainly expressed in the contract. It is stipulated that the evidence of the completion of the contract shall be the certificate of the inspector in charge of the work, and the water purveyor (a well known officer of the city), or such other officer as might be designated by the commissioner. No designation of any other officer having been shown to have been made, the requirement of the contract is the certificate of the water purveyor. It was clearly competent for the contracting parties to make these provisions as to the mode of determining whether or not the contract had been performed according to its stipulations; and, having done so in express terms, the obtaining of both certificates became a condition precedent to any right of recovery on the part of the contractor, unless waived or otherwise disposed of.* The decision of the question of completion having been referred by the contractor to the inspector and purveyor, it cannot now be withdrawn and referred to the decision of a court or jury, without showing impossibility of performance, or that the certificate has been unreasonably and in bad faith refused.† No evidence on these subjects was given; but it was shown that Mr. Tweed, the commissioner of public works, had himself certified, as such commissioner, that the work had been performed and accepted. It is claimed that this was a sufficient compliance with the terms of the contract, because the commissioner, being the officer who might, under the contract, have designated another officer than the purveyor to make the certificate, had, for that reason, power to perform the act required of such officer himself. But this position cannot be sustained. The power to designate an officer to perform the act by no means includes authority in the designating officer to do it himself. It was the judgment of the water purveyor, or officer to be designated for that special purpose, for which the defendants contracted. It often occurs that power to select officers or persons to perform specific duties is conferred upon a board or officer, but it is seldom true that the authority to select includes also the power to perform the acts to be done by the officer or person chosen. Courts are authorized to appoint commis-

* Smith v. Brady, 17 N. Y., 173; Butler v. Tucker, 24 Wend., 447; Thomas v. Fleury, 26 N. Y., 26.

† Butler v. Tucker, 24 Wend., 447; United States v. Robeson, 9 Pet., 319.

sioners to estimate and assess damages, but it by no means follows that the estimate or assessment can, for that reason, be made by the courts; and so in agreements of arbitration, it frequently occurs that some third person is named to choose an umpire, but the power to choose in that case does not carry to such person the right to be umpire himself.

Besides, Mr. Tweed's duty as commissioner was quite inconsistent with his assumption to perform that which the contract referred to the water purveyor, because, as such commissioner, the law and the contract provide that he shall exercise ultimate supervision so far as, not only as commissioner to determine whether the work is in fact done according to the contract, but to decide whether the certificates required have not been improperly given. To allow him, therefore, to substitute himself for the water purveyor — to perform the subordinate duty — is to deprive the defendant of his final supervision and judgment. To allow this practice would be to open an easy door to a long line of frauds upon the city.

But, by the terms of the contract, if the certificate had been given, the money was not payable till the assessment laid should be confirmed. The assessment had not been confirmed. It was shown that its confirmation had been prevented by the injunction, *pendente lite*, of a court of competent jurisdiction. No proof was given that the suit was collusive, or that the defendants were otherwise connected with it than as litigants, whose action was temporarily restrained against their will. Under such circumstances, there is no ground for saying that the suit and injunction were anything more than incidental embarrassments in the way of the confirmation of the assessment, for which neither party was in fault, and which may have been as well in the contemplation of one as the other when the contract was made. It by no means followed that the assessment would not be confirmed, nor that the injunction would not be removed at the hearing. It was, therefore, no answer to the objection that the money was not yet due, for the plaintiff to show the pendency of the suit and injunction.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

DANIELS and DONOHUE, JJ., concurred.

Upon the second trial the complaint was dismissed.

*Geo. W. Winyate*, for the appellants. The water purveyor having refused to give a certificate upon unreasonable grounds, the plaintiffs were thereby absolved from producing it. (*Thomas* v. *Fleury*, 26 N. Y., 33, 34. See, also, *McMahon* v. *N. Y. & Erie R. R. Co.*, 20 id., 463, 467; *U. S.* v. *Robeson*, 9 Peters, 319, 327; *Devlin* v. *Second Ave. R. R.*, 44 Barb., 81, 84; *Smith* v. *Smith*, 45 Vermont. 433.) When the performance of a condition is rendered impossible by the act of God, or of the law, or of the other party, the contractor is excused. (*People* v. *Manning*, 8 Cow., 297; *Jones* v. *Judd*, 4 Comst., 411; *Higgins* v. *Solomen*, 2 Hall, 482; *Farnham* v. *Ross*, id., 167; *People* v. *Bartlett*, 3 Hill, 570; *Stewart* v. *Keteltas*, 36 N. Y., 388; *Allerman* v. *Mayor, etc., Albany*, 43 Barb., 43; *McComb* v. *N. Y. & Erie R. R.*, 20 N. Y., 495; *Blight* v. *Ashley*, Pet. C. Ct., 25; *Niblo* v. *Binesse*, 3 Abb. App. Dec., 375; *Howell* v. *Gould*, 2 id., 418.) A party who *prevents or dispenses with* the performance of a condition in a contract, cannot take advantage of the non-performance. (*Devlin* v *Second Av. R. R.*, 44 Barb., 81; *Blacksmith* v. *Fellows*, 3 Seld., 416; *Butler* v. *Tucker*, 24 Wend., 449; *Smith* v. *Gugerty*, 4 Barb., 614; *Resenger* v. *Cheney*, 2 Gilman [Ill.], 84; *Ruble* v. *Massey*, 2 Ind., 637; *Pond* v. *Wyman*, 15 Md., 175; *Grove* v. *Donaldson*, 15 Pa., 128; *Ketcham* v. *Zeilsdorff*, 26 Wis., 514.) The contract itself prevents the existence of this injunction from being used by the defendants as a defense to the plaintiff's claim. If they are prevented from confirming the assessment by the act of a *third party*, it forms no excuse *as between them and the contractor* for failing to perform their part of the contract. If they desired to have such delay constitute an excuse, *they ought to have put it in the contract*. (*Giles* v. *Crosby*, 5 Bosw., 389; *Baker* v. *Johnson*, 2 Robt., 570, 580; affirmed, 42 N. Y., 126; *Christ* v. *Armour*, 34 Barb., 378, 385, 387; *Reid* v. *Edwards*, 7 Port. [Ala.], 420; *Cobb* v. *Harmon*, 23 N. Y., 148, and see citations at p. 152.) The court erred in refusing to allow the jury to consider the question as to whether or not the water purveyor's refusal to give the certificate was unreasonable or in bad faith. Whether any act is or is not "reasonable," is a question for the jury and not for the court. (*Thomas* v. *Brackney*, 17 Barb., 654, 659; *Green* v. *Hennis*, 1 Hilt., 254; *Conger* v. *Hudson R. R. R.*, 6 Duer, 375; *Lawrence* v. *Ocean Ins. Co.*, 11

Johns., 241; *Gilhooley* v. *N. Y. and Savannah S. N. Co.*, 1 Daly, 197; *Tone* v. *Doelger*, 6 Rob., 256; *Harris* v. *Northern Ind. R. R.*, 20 N. Y., 232, 239.)

*E. Delafield Smith* and *D. J. Dean*, for the respondent. The plaintiff cannot be excused from compliance with the terms of the contract, unless such compliance has been rendered impossible by act of the defendants, or such certificates are unreasonably or in bad faith refused. (*Smith* v. *Brady*, 17 N. Y., 173; *Butler* v. *Tucker*, 24 Wend., 447; *Thomas* v. *Fleury*, 26 N. Y., 26; *United States* v. *Robeson*, 9 Pet., 349.) An officer acting or refraining from action in obedience to the order of a court of competent jurisdiction, cannot be said to be acting or refusing to act, unreasonably and in bad faith. By the contract, no money could become payable until an assessment for the expense named should be confirmed. The plaintiff's assignor, the contractor, is chargeable in law with knowledge of the limitation imposed by law upon the powers of the corporate officials. (*Fairtitle* v. *Gilbert*, 2 Durnf. & East, 169; *Hodges* v. *Buffalo*, 2 Denio, 110–112; *Brady* v. *The Mayor*, 2 Bos., 173; S. C., 20 N. Y., 312; *Appleby* v. *The Mayor*, 15 How., 428; *Supervisors of Rensselaer* v. *Bates*, 17 N. Y., 242; *Smith* v. *The Mayor*, 14 Sandf., 227; S. C., 6 Seld., 508; *McDonald* v. *The Mayor*, 4 Sup. Ct. R., 177.)

DAVIS, P. J.:

It appears on the retrial of this case, that no certificate of the water purveyor was given, and that, when that officer was called upon for one, he declined to give it, saying " that, owing to some injunction that had been got on the work by the property owners, he was debarred from the right of giving it." This court held, on the former appeal, that the certificate of that officer was a condition precedent to the obligation of·the defendants to pay. It might perhaps be held, that what took place in the water purveyor's office in respect to the completion of the work, as testified to by the clerk of the water purveyor, was equivalent to the certificate; but the plaintiff showed by another witness (Daniel Owen), that that testimony was incorrect. Owen was the general superintendent of the contracting company, and on their behalf called for the certificate

of the water purveyor ; and he says that the company had got the certificate the year before on every work they had done, and adds : " I called for it naturally to get a settlement ; that appeared to be the difficulty. We had done some other work, and he had given certificates for it." This shows that the entry in the book and the memorandum sent to the contract clerk, etc., were not understood by either the company or the purveyor, to be the certificate required by the contract. But it is insisted that the excuse given by the purveyor, was an unreasonable one. The injunction order restrained the defendants, their officers and servants, from further proceeding under an ordinance, passed, etc., for paving One Hundred and Twenty-eighth street, " to lay, and from confirming any assessment therefor, for paving said so called street, etc., and from doing any act or thing toward making or confirming such assessment, or making the same a lien on any property," etc. The water purveyor was an officer and servant of the defendants, and, it seems, had notice of this injunction, and supposed himself bound to regard it. His official action was a step toward making or confirming such assessment, because the assessment could not be laid till the work was completed, and his certificate was part of the evidence to show such completion to the assessors. His refusal was not illegal or unreasonable, we think, within the meaning of the rule which excuses the performance of such a condition precedent.

The stipulation of the contract as to the time of payment, to wit: that the defendants should pay " on the confirmation of the assessment to be laid for said work " (which, in connection with the subsequent provisions of the contract, must be construed to apply to the balance remaining unpaid after the payment of the monthly installments of seventy per cent), has not in our judgment been obviated. It is undisputed that the assessment had not been laid when this suit was commenced, and of course it had not been confirmed. This suit appears to have been commenced in March, 1873. The suit and injunction to restrain the officers from making and confirming the assessment was then pending. It does not appear to have been collusive, nor to have been delayed by defendants for the purpose of preventing plaintiffs from receiving their money. We see no reason to change the views expressed on this point in the former opinion. The event had not occurred upon

which the money became due and payable, and the delay in its occurrence is not shown to have been caused by the collusion, negligence or fraud of the defendants.

The action was prematurely brought, and the judgment must be affirmed.

DANIELS and BRADY, JJ., concurred.

Judgment affirmed.